# PD-0556-15

Clerk of the Court of Criminal Appeals
Supreme Court Bldg
201 W. 14th St., Rm 106
P.O. Box 12308
Austin, TX 78711-2308

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 07 2015

Abel Acosta, Clerk

# In the Court of Criminal Appeals
# of Texas

### No. 11-14-00339-CR

## STACY DARNELL, Petitioner/Appellant

## V.

## THE STATE OF TEXAS, Respondent

---

On Petition from the Eleventh Court of Appeals, Eastland,Texas

Appellate Cause No. 11-14-00339-CR

On Appeal from the 35th District Court, Brown County, Texas Trial Court

Cause No. CR22692

---

STACY DARNELL'S PETITION

FOR DISCRETIONARY REVIEW

---

Stacy Darnell

Petitioner/Appellant, pro se

#1964522

James V. Allred Unit

2101 FM 369 North

Iowa Park, Texas 76367

# TABLE OF CONTENTS

PAGE

a) Table of Contents.................................................................................2

b) Index of Authorities.............................................................................4

c) Statement Regarding Oral Argument.......................................................5

d) Statement of the Case..........................................................................6

e) Procedural History...............................................................................7

f) Grounds for Review.............................................................................8

    1. The Court of Appeals erred in dismissing Appellant's request for a

    free copy of record.............................................................................8

    2. The Court of Appeals erred in dismissing Appellant's request for

    Appellant counsel to perfect appeal.......................................................8

    3. The Court of Appeals erred by dismissing appeal where that dismissal

    deprived Appellant of his right to appeal his criminal conviction and pre-trial

    errors that support conviction...............................................................8

g) Argument and Authorities

    Ground 1.........................................................................................9

    Ground 2.........................................................................................9

    Ground 3........................................................................................10

h) Prayer for Relief...............................................................................12

APPENDIX.........................................................................................A-1

    Appendix Table................................................................................A-2

    Memorandum Opinion, Eleventh Court of Appeals....................................A-3

## TABLE OF CONTENTS (continued)

Appellant's Response Showing Grounds To Continue Appeal............................................A-7

Defendants Motion for Examining Trial to Examine State's Probable Cause for on-sight arrest, charges, and detention, and Moves for Dismissal of Charges...................................................A-13

## b) INDEX OF AUTHORITIES

United States Supreme Court:

     Evits v. Lucey, 469U.S.387,396(1985)..................................................................10

     Pa. v. Finley, 481U.S.551,555(1987)..................................................................10

Texas Court of Criminal Appeals:

     Menefee v. State, 287S.W.3d9,14(Tex.Crim.App.2009)...........................................11

     Young v. State, 8S.W.3d656,667(Tex.Crim.App.2000)............................................10

Texas Criminal Procedure:

     Art. 1.15.......................................................................................................11

     Art. 44.02......................................................................................................10

Texas Rules of Appellate Procedure:

     Rule, 20.2......................................................................................................9

     Rule, 68.4(f)...................................................................................................9

## c) <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Oral argument is not requested.

## d) <u>STATEMENT OF THE CASE</u>

Appellant, STACY DARNELL, entered a plea of no contest to the offense of possession of a controlled subsance in a drug-free zone. The trial court sentenced Appellant to thirty years confinement in accordance with terms of state's plea agreement. Appellant did not sign waiver of appeal, rather Appellant timely requested trial court's permission to appeal.

The Court of Appeals found that Appellant has no right of appeal in a plea-bargaining case and dismissed the appeal without considerations of Appellant's grounds for Appeal or Appellant's requests for access to record and appointment of counsel to perfect appeal.

e) <u>PROCEDURAL HISTORY</u>

1) On March 6, 2015 the Memorandum Opinion for the Court of Appeals of the Eleventh District of Texas, in Eastland, Texas was handed down. (See Appendix at pg A-1 infra-Memorandum Opinion.)

2) No motion for rehearing was filed.

3) An extension fo 60 days was granted to file Petition for Discretionary Review.

## f) GROUNDS FOR REVIEW

1. The Court of Appeals erred in dismissing Appellant's request for a free copy of the record.

2. The Court of Appeals erred in dismissing Appellant's request for Appellant counsel to perfect appeal.

3. The Court of Appeals erred by dismissing appeal where that dismissal deprived Appellant of his right to appeal criminal conviction and pre-trial errors that support conviction.

## g) ARGUMENT AND AUTHORITIES

1. The Court of Appeals erred in dismissing Appellant's request for a free copy of the record.

Texas Rules of Appellate Procedure, Rule 20.2 requires that the appellate record must be furnished to Appellant. Here, Appellant gave oath of his indigence to the trial court and indicated his inability to purchase copy of record by his request to the Court of Appeals for a free copy of the record, that request being made within the time for perfecting his appeal. (See Appendix, pg A-9 infra, "Appellant's response showing grounds to continue Appeal" at 12.) Appellant has not been provided access to record.

The value of the record on appeal is and indispensable one. Appellant has no alternative devices for citing errors on appeal, absent access to record. The Court of Appeals has denied Appellant his right to equal protection of the law by dismissing any considerations of his request for copy of record. Thus, Appellant's appeal process has been impeded by lack of basic tools of appeal such as access to the record.

Despite Appellant's oath of indigence to the trial court and his request for record on appeal, Appellant has not been provided access to record. Appellant's harm has now extended to this petition for discretionary review where he is unable to meet the requirements of citations to record in support of his grounds for review. (See Texas Rules of Appellate Procedure, Rule 68.4 (f) "...the petitioner must..." refer to the page of the record where the matter complained of is found.)

The court should remand to court of appeals with instructions that Appellant be furnished access to record, opportunity to perfect his appeal, and opportunity to present his grounds for appeal supported by citations to record.

2. The Court of Appeals erred in dismissing Appellant's request for Appellant counsel to perfect appeal.

Due process requires effective assistance of counsel during appeal. Evits v. Lucey, 469 US.387,396 (1985) The right to appointed counsel applies to first appeal of right. Pa. v. Finley, 481 U.S.551,555(1987)

Appellant requested appointment of counsel to perfect appeal. (See pg A-9 infra, " Appellant's response showing grounds to continue appeal" at 13.) Appellant has not been provided with Appellant counsel. The Court of Appeals erred by dismissing appeal without Appellant counsel or consideration of Appellant's request for Appellant counsel.

This court should remand to Court of Appeals with instructions to appoint Appellant counsel to perfect appeal.

3. The Court of Appeals erred by dismissing appeal where that dismissal deprived Apellant of his right to his criminal conviction and pre-trial errors that support conviction.

A defendant is any criminal action has the right of appeal. Texas Code of Criminal Procedure, art.44.02. The statute places limitations on appeals where a defendant has been convicted upon a plea of no contest and punishment is agreed to. In those cases he may appeal any matter with trail court's permission or any matter raised by written motion filed prior to trial. Texas Code of Criminal Procedure, art44.02. The statute has no provision for waiver of appellate rights based upon plea-agreements.

Appellant exercised his right of appeal. Appellant did not sign waiver of appeal, (see pg A-5 infra, "Memorandum Opinion") rather, Appellants exercised his right of appeal by timely notifying the trial court of his desire to appeal. The trial court did not oppose nor deny Appellant's request for appeal. Appellant's notice of appeal was forwarded to the Eleventh Court of Appeals for consideration of appeal. Upon the Court of Appeal's request, Appellant provided Grounds for Appeal. (See pg A-8 infra, "Appellant's response showing grounds to continue appeal".) Appellant presented several matters raised by written motion prior to trial such as:

a) Motion to Examine State's Probable Cause...
and moves for dismissal of charges. (See pg A-13 infra "Defendant's Motion for Examining Trial to examine state's probable cause for on-sight arrest, charges, and detention, and moves for dismissal of charges".);

b) Pre-trial Habeas (C.R.); and

c) Motion to Suppress (C.R.). (pg A-18 infra)

If any one of the above pre-trial matters had been ruled favorable to Appellant the judgment of guilt could not have occurred, thus, the judgment is supported by those pre-trial matters presented as grounds for appeal. Those matters cannot be forfeited or waived on appeal. Young v. State 8S.W.3d656,667 (Tex. Crim. App. 2000) (A valid plea of no contest may waive or forfeit the right to appeal a claim of error only when the judgment of guilt was rendered independent of the error.)

The harm caused by those pre-trial matters are exasperated by the statutory requirement that:

"...in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same." Texas Code of Criminal Procedure art.1.15

Appellant's pre-trial matters were specific to no evidence of him ever being in possesion of any controlled substance. (See pg A-17 infra, DARNELL [Appellant] was only a passenger in Clark's vehicle; and pg A-19 infra, at IV. "Summary") Appellant opted to plea no contest to the charge of possesion of a controlled substance without expressly admitting the charges were true and

10

correct. The state failed to produce any evidence to support that the chages were true and correct. The only support for the judgment of conviction is Appelant's plea of no contest which is not tantamount to a judicial confession sufficient to satisfy art.1.15. <u>Menefee v. State</u> 287S.W.3d9, 14(Tex.Crim.App.2009)

By dismissing appeal the Court of Appeals has violated Apeallant's statutory right to appeal the above pre-trial matters which support the error of conviction. The court should grant review to clarify the parameters of the stautory provisions above.

11

## PRAYER FOR RELIEF

Appellant prays that the court grant review to define the parameters of above statutory provisions and/or remand with instructions to provide Appellant access to record, Appellant counsel and opportunity to appeal.

Respectfully submitted on this the 1st day of May, 2015.

X. *Stacy Darnell*

Stacy Darnell

Petitioner/Appellant, pro se

#1964522

James V. Allred Unit

2101 FM 369 North

Iowa Park, Texas 76367

## CERTIFICATE OF SERVICE

TRAP68.11

This is to certify that on May 1, 2015 a true and correct copy of the above foregoing petition for Discretionary Review was served on:

The District Attorney's Office,

200 S. Broadway

Brownwood, TX 76801

and

The State Prosecuting Attorney

P.O. Box 12548

Austin, TX 78711-2548

by first class mail, postage prepaid.

X _Stacy Darnell_
Stacy Darnell

# APPENDIX

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 07 2015

Abel Acosta, Clerk

# <u>APPENDIX TABLE</u>

<u>DOCUMENT</u>                                                                                    <u>PAGE</u>

MEMORANDUM OPINION, Eleventh Court of Appeals.................................................A-3
APPELLANT'S RESPONSE Showing Grounds to Continue Appeal....................................A-7
DEFENDANT'S MOTION for Examining Trial to examine state's
probable cause for on-sight arrest, charges, and detention, and
moves for dismissal of charges.................................................................A-13

# Eleventh Court of Appeals

# MEMORANDUM OPINION

Rcvd. 4-1-2015

Opinion filed March 6, 2015



In The

# Eleventh Court of Appeals

## No. 11-14-00339-CR

## STACY DARNELL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 35th District Court

Brown County, Texas

Trial Court Cause No. CR22692

### MEMORANDUM OPINION

Appellant, Stacy Darnell, judicially confessed and pleaded no contest to the offense of possession of a controlled substance in a drug-free zone and pleaded true to the habitual-offender enhancement allegation. The trial court assessed Appellant's punishment in accordance with the terms of his plea agreement in this case at confinement for thirty years. We dismiss the appeal.

This court notified Appellant by a letter dated December 5, 2014, that we had received information from the trial court that Appellant waived his right of

A-4

appeal and that this is a plea-bargain case in which Appellant has no right of appeal. *See* TEX. R. APP.P. 25.2(a)(2), (d). We requested that Appellant respond and show grounds to continue the appeal. Appellant has filed a response in which he asserts, among other things, that the State lacked probable cause, that he has a right to appeal, and that his guilty plea and waiver of appeal were not voluntary.

Rule 25.2(a)(2) provides that, in a plea bargain case in which the punishment does not exceed the punishment agreed to in the plea bargain, "a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." The documents on file in this case reflect that Appellant entered into a plea bargain; that his punishment was assessed in accordance with the plea bargain; and that Appellant affirmatively, "voluntarily, knowingly and intelligently waive[d] [his] right to appeal." The trial court's certification was signed by Appellant's trial counsel and the judge of the trial court, and it reflects that Appellant declined to sign. The trial court certified that Appellant has no right of appeal. The documents on file in this court support the trial court's certification and show that Appellant waived his right of appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005). Accordingly, we must dismiss this appeal without further action. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Accordingly, this appeal is dismissed.

PER CURIAM

March 6, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

2

A-5



11TH COURT OF APPEALS

EASTLAND, TEXAS

JUDGMENT

Stacy Darnell,

* From the 35th District
Court of Brown County,
Trial Court No. CR22692.

Vs. No. 11-14-00339-CR

* March 6, 2015

The State of Texas,

* Per Curiam Memorandum Opinion
(Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.)

This court has inspected the record in this cause and concludes that the appeal should be dismissed. Therefore, in accordance with this court's opinion, the appeal is dismissed.

A-6

# APPELLANT'S RESPONSE SHOWING

# GROUNDS TO CONTINUE APPEAL

| | | |
|---|---|---|
| STACY ALLEN DARNELL, | § | IN THE COURT OF APPEALS |
| Appellant, | § | |
| V. | | ELEVENTH DISTRICT |
| THE STATE OF TEXAS, | § | |
| Appellee. | § | OF TEXAS |

---

## APPELLANT'S RESPONSE SHOWING GROUNDS TO CONTINUE APPEAL

---

TO THE HONORABLE COURT OF APPEALS:

COMES NOW, STACY ALLEN DARNELL, Appellant, and provides this court with Appellant's Response Showing Grounds to Continue This Appeal.

1. Appellant hereby exercises his right of appeal of a criminal action pursuant to the Texas Constitution and Texas Code of Crim. Proc., Art.44.02.

2. Appellant's Guilty Plea and waiver of appeal were not voluntary, knowing and intelligent.

3. Appellant did not knowingly and intelligently waive his entire appeal as part of a plea, here he received no consideration from the state for that waiver.

4. The trial court abused its discretion in denying Appellant's pre-trial motions to order the state to show probable cause to support Appellant's search, and seizure, arrest, and continued detention,

5. The trial court abused its discretion in denying appellant's pre-trial habeas corpus application showing the state had no probable cause to support search, and seizure, arrest, and continued detention of Appellant.

6. Appellant's pre-sentencing waiver of the right to appeal was not binding at the punishment phase of trial where the actual or maximum punishment had not yet been

A-8

determined when the waiver was made, i.e., the waiver was not voluntary, knowingly and intelligent.

7. Simple admonishment of the range of punishment for the offense was not enough to make the consequences of any waiver known with certainty where appellant was not admonished that he could be waiving any unanticipated errors that may occur, including, but not limited to , any challenges to state's probable cause.

8. Appellant timely filed his "Notice of Appeal" as a "Request for Appeal" with the trial court. The trial court has not opposed, nor denied, Appellant's request for an appeal, which controls over Appellant's previous waiver of the right to appeal. The court should allow Appellant to appeal despite the boilerplate waiver.

9. The judgment of guilt was facilitated by, and supported by, the complained of errors such as but not limited to, the above challenges to state's probable cause.

10. The substance of this appeal, no probable cause, was raised by written motion and refused by trial court before trial.

11. A jurisdictional defect has occurred where the state has not shown probable cause to support the search, seizure, arrest, detention and trial of appellant.

12. In conjunction with this appeal, Appellant hereby requests a free copy of the trial record.

13. Appellant requests appointment of Appellant counsel to perfect appeal.

14. Appellant did not voluntarily agree to any punishments.

15. Appellant's waiver of appeal was not made voluntarily, knowingly and intelligently.

16. At the time of waiver, Appellant had no certainty as to what punishment would be assessed.

17. Appellant appeals the denial of his pre-trial suppression motion.

18. Appellant appeals all matters that were raised by his written motions filed before trial.

19. Appellant appeals the judgment of conviction of the trial court.

20. Appellant appeals the trial court's punishment of 30 years confinement as excessive for the charged offense of possession of trace amounts of a controlled substance.

21. Appellant appeals the propriety of his conviction.

22. Appellant appeals the propriety of his sentence.

23. Appellant hereby respectfully appeals his final judgment of conviction.

24. Appellant has a timely and properly filed his notice of appeal and he is therefore entitled to appeal.

A-9

Respectfully submitted on this 20th day of February 2015.

Court please note new address listed below.

X. _Stacy Allen Darnell_

Stacy Allen Darnell
Appellant, pro se
TDCJ#1964523
James V. Allred Unit
2101 FM 369 North,
Iowa Park, TX 76367

A-10

## CERTIFICATE OF SERVICE

I, Stacy Allen Darnell, Appellant, declare under penalty of perjury that a true and correct copy of the above has been served on state's attorney, Michael Murray, District Attorney, Brown County Courthouse, 200 South Broadway, Brownwood, TX 76801 by United States mail, postage prepaid.

X _Stacy Allen Darnell_

Stacy Allen Darnell
Appellant, pro se
TDCJ#1964523
James V. Allred Unit
2102 FM 369 North
Iowa Park, TX 76367

A-11



| | Court of Appeals | |
|---|---|---|
| JIM R. WRIGHT<br>CHIEF JUSTICE | **Court of Appeals** | SHERRY WILLIAMSON<br>CLERK |
| | **Eleventh District of Texas** | TELE: 254/629-2638 |
| MIKE WILLSON<br>JUSTICE | 100 WEST MAIN STREET, SUITE 300 | FAX: 254/629-2191 |
| | P. O. BOX 271 | sherry.williamson@txcourts.gov |
| JOHN M. BAILEY<br>JUSTICE | EASTLAND, TEXAS 76448 | www.txcourts.gov/11thcoa |

February 25, 2015

Stacy Allen Darnell

John Middleton Unit
13055 FM 3522
Abilene, TX 79601

Perry B. Sims
Law Office of Perry B. Sims
P.O. Box 3100
Early, TX 76802
* DELIVERED VIA E-MAIL *

Michael Murray, District Attorney
Brown County Courthouse
200 South Broadway
Brownwood, TX 76801
* DELIVERED VIA E-MAIL *

**RE:**   Appellate Case Number:  11-14-00339-CR
Trial Court Case Number:    CR22692
**Style:** Stacy Allen Darnell
v. The State of Texas

We have this day received and filed Appellant's response showing grounds to continue appeal in the above cause.

Respectfully yours,

Sherry Williamson

Sherry Williamson, Clerk

cc:   Cristi Escobar, Court Reporter (DELIVERED VIA E-MAIL)
District Clerk - Brown County - CV (DELIVERED VIA E-MAIL)
Stephen Ellis, Judge (DELIVERED VIA E-MAIL)

A-12

# DEFENDANT'S MOTION FOR EXAMINING TRIAL TO EXAMINE STATE'S PROBABLE CAUSE FOR ON-SIGHT ARREST, CHARGES, AND DETENTION, AND MOVES FOR DISMISSAL OF CHARGES

A-13

Exhibit #4

Cause No._____

| | |
|---|---|
| THE STATE OF TEXAS | § IN THE 35th JUDICIAL |
| V. | § DISTRICT COURT |
| STACY ALLEN DARNELL, | § BROWN COUNTY, TEXAS |
| defendant | |

---

## DEFENDANT'S MOTION FOR EXAMINING TRIAL TO EXAMINE STATE'S PROBABLE CAUSE FOR ON-SIGHT ARREST, CHARGES, AND DETENTION, AND MOVES FOR DISMISSAL OF CHARGES.

---

COMES NOW, STACY ALLEN DARNELL, defendant, and moves for Examining Trial to examine state's probable cause for stop, search, arrest, charges, and continued detention of defendant. In support shows:

### I.    PROCEDURAL POSTURE

1. On August 9, 2013 Darnell was arrested and charged with Possession of Substance PG1, <1gram(Possession of a Substance in Penalty Group 1, less than 1gram) Drug-Free Zone, Felony 3 Degree.

2. Darnell was detained and remains in custody at the Brown County Detention Center.

3. Darnell's bail was set at $60,000.00, an amount in excess of Darnell's financial capabilities. Darnell remains in custody.

4. No indictment has been issued against Darnell. No probable cause has been established by the Grand Jury to bring Darnell to trial on the above charges.

5. Darnell hereby, and formally, requests that the court give Darnell an opportunity to be heard and Examine the State's Probable Cause for stop, search, on-sight, arrest, charges, and continued detention of Darnell. Darnell moves for, and requests, that the court schedule an Examining Trial within 90 days for the purpose of Examining State's Probable Cause for stop, search, on-sight arrest, and continued detention of Darnell, and moves for dismissal of charges.

### II.    HISTORICAL FACTS/SUMMATION OF STATE'S PROBABLE CAUSE

The following is a summation of facts excerpted from Police; "Probable Cause for on-sight arrest" (attached hereto in its entirety and marked as Exhibit #1).

On August 9, 2013, Investigator Grover received information from a confidential

A-14

informant (CI) that CHANCE CLARK, STACY DARNELL [and two non-pertinent females] were using and distributing methamphetamine at the Classic Inn Motel room #143. Police conducted surveillance. Two males left motel in a Dodge vehicle. Gover followed the Dodge. On Avenue J the driver of the Dodge failed to signal, pulled over to the right of the road and stopped. Gover initiated emergency lights and conducted a traffic stop. Passenger STACY DARNELL exited the vehicle. The driver was identified as CHANCE CLARK. CLARK had an unlit cigarette in his hand, was nervous, his voice trembling, as he fumbled for his license. CLARK gave consent to search his vehicle [Dodge].

Investigator Stroope arrived on scene and assisted with search. Stroope found a plastic baggie containing methamphetamine in between the cellophane and bottom exterior of a Marlboro cigarette pack which was found in the center console of CLARK's Dodge vehicle.

CLARK and DARNELL were arrested for possession of a substance in penalty group one less than one gram. A field test showed a positive reaction for the characteristics for methamphetamine. The baggie was weighed via a digital scale. The total weight was 0.25grams. The arrest location was within 1000 feet of Coggin Park which is located at 2001 Austin Avenue. (See Exhibit #1, probable cause for on-sight arrest" attached hereto).

## III. DEFENDANT'S PROFERED POSISTION AND EXAMINATION ARGUMENT FOR DISMISSAL OF CHARGES

The Police rely upon non-confirmed information from a non-credible CI as a triggering event, regarding a motel room, not any vehicle, then describes CHANCE CLARK as a driver and owner of a Dodge vehicle that "fails to signal" when stopping (not turning, nor changing lanes) on a residential street. (No allegations of brake light malfunctions, the only traffic requirement for coming to a stop on a residential street, were made.) No citation for failing to signal was issued, and no other probable cause was proffered for conducting a traffic stop on a vehicle which had already stopped.

DARNELL was observed to be a passenger only and no descriptions are given to contradict that Darnell was sober, drug-free, non-nervous, and in fact exited the vehicle to initiate contact with police.

CHANCE CLARK gave police consent to search his vehicle. No descriptions of Gover's initial search are given. Stroope's subsequent arrival and search is non-descriptive as well other than an allegation of a baggie containing methamphetamine (no other description is given) being found in a cigarette pack in the console of CLARK's vehicle. No other drugs nor any paraphernalia is found. No drugs nor any paraphernalia is found on DARNELL's person. No evidence of drug use is found on DARNELL's person. The drugs were not in plain sight (only Stroope's subsequent search located the baggie) but concealed in a console of CLARK's vehicle.

a. Confidential Informant (CI)

DARNELL requests the opportunity to challenge credibility, through examination, of CI

A-15

and any alleged CI statements Police rely upon for probable cause. DARNELL moves to suppress any CI allegations that Darnell is not given opportunity to examine through questioning of CI

DARNELL offers the following to support necessity of his examination of CI:

Police rely upon CI for Probable Cause based upon August 9, 2013 information from CI. DARNELL was arrested at 1 p.m. on August 9, 2013 (same day). However, no time is given as to what time on that day the CI gave information to police (before or after arrest). Police do not indicate who or how contact with CI was initiated and for what reasons, motives, or benefits to CI.

CI gives no details of drug use; How did CI know it was a methamphetamine? How much methamphetamine was allegedly being used? How was methamphetamine being used/ingested? For how long? (days? Hours?) What drugs and paraphernalia were allegedly being used? Where are the drugs and paraphernalia that were allegedly being used? Are there any physical marks on subjects to support CI's alleged ingestion/use methods? What are the details of alleged methamphetamine distribution? Does CI have any personal knowledge? Did CI purchase any methamphetamine from subjects? Why or why not? Who specifically was distributing? How did you or police identify subjects? What size quantities and at what cost?

What did CI personally observe, specifically, if anything, that connects DARNELL to any drugs?

Where are these alleged drugs and drug money from this alleged methamphetamine distribution ring?

DARNELL intends to show: that DARNELL had no involvement with any drugs whatsoever; police surveillance was police acting on a hunch; police have no surveillance recordings of any drug activity involving DARNELL; no drug traffic was documented and no drug arrest had been associated with DARNELL before the arrest of DARNELL himself: Police never observed any drug use, drug activity, nor anything drug-related that can be associated with DARNELL; DARNELL was not specifically identified by CI nor Police, based upon CI descriptions; the CI's information regarded a motel room (#143) NOT DARNELL having any drugs in any vehicle. The information proffered or alleged by the CI is not credible nor relevant to DARNELL being a passenger in CLARKS's vehicle.

The Police do not indicate who initiated contact, Gover or CI. Police do not give any time place or reasons for CI coming forward. Was this CI paid by Police? Was CI acting under previous direction of Police? Was CI information given at random? Was CI information based upon personal observances? Or was information speculative? Why was CI's information not sufficient or credible enough to seek a search warrant for the motel room that the CI had referenced? Why did Police not seek a search warrant for the motel room (#143)?

"If" the Police had a credible and reliable reason to believe that dangerous drugs were being used and sold in motel room #143, Police would have sought a search warrant for that motel room. However, that was not done, which reveals a profound weakness to the CI that Police rely upon as their basis for probable cause for arrest of DARNELL. Darnell requests opportunity to examine CI, CI statements, and any CI

A-16

information Police or State expect to rely upon to support probable cause for the arrest, charges, and continued detention of DARNELL, and Darnell moves to suppress anything he is not given opportunity to examine and dismiss charges linked to CI.

b. Traffic stop

Despite the modern day use of video recorders by Police, which purportedly ensure that proper Police procedure has been followed, Police cannot produce any video recording that supports the probable cause for the traffic stop that led to the arrest of DARNELL. However, the undisputed facts show that Police did not initiate the stop of CLARK's vehicle and the Police had no probable cause to stop behind CLARK's previously stopped vehicle and detain DARNELL nor to arrest DARNELL.

The "probable cause" chronology for the traffic stop states: "On Ave J the driver of the charger [Dodge] failed to signal, pulled over to the right of the road and stopped. I initiated my emergency lights and conducted a traffic stop." (See Exhibit #1.)

There is no video evidence tat the driver, CLARK, failed to signal. CLARK was not issued any citation for failing to signal. Avenue J is a residential street, not having multiple lanes nor shoulders. Turn signals are required prior to lane changes and turns, **not** stops on residential streets. The driver, CLARK, did not and could not make any lane change as Avenue J is a very narrow residential street. CLARK did not make any turns. He simply stopped his vehicle on a residential street which does not require a turn signal. Police had no probable cause for a traffic stop, even if Police had initiated a stop which they did not. The "probable cause" report reveals that it was the driver who had stopped "before" Police (GROVER) initiated emergency lights. Police had no probable cause to pull up behind CLARK's parked Dodge and detain DARNELL, a passenger, who had already exited the Dodge before Police began any traffic stop procedure.

DARNELL has shown that Police had no probable cause to conduct any traffic stop nor to detain and arrest him. No Police video of any failure to signal exists, no citations were issued to CLARK for failing to signal, and no turn signal is required to stop on a residential street that has no multiple lanes or shoulders. If necessary, DARNELL is prepared to present evidence that Grover and Police have a history of falsely alleging turn signal failures to justify traffic stops. Also, the stop cannot be justified by CI information when the CI never made any reference to the Dodge vehicle that was the subject of the traffic stop. DARNELL moves for dismissal based on no cause for stop and detention of DARNELL.

c. Search

DARNELL moves to examine the next chronological event, the search conducted of CLARK's vehicle and search of DARNELL's person.

DARNELL seeks to examine any probable cause or proffered consent to search CLARK's vehicle as a measure to show that any drugs found as a result of the search of CLARK's vehicle cannot be linked to DARNELL, as DARNELL was only a passenger in CLARK's vehicle.

DARNELL reserves the right to challenge whether CLARK signed any consent to search form for police or whether CLARK voluntarily gave consent to search his vehicle.

According to the "probable cause" (Exhibit #1), Gover obtained consent from CLARK to search CLARK's Dodge. Gover began search but does not specify where, when, and how long, or what he searched (console area or not?). Police do not indicate why Stroope was called

A-17

to search CLARK's Dodge again after Gover had searched the Dodge. Stroope's subsequent arrival and search finds a baggie of methamphetamine, but does not describe methamphetamine (powder, powdery, white, liquid, clear, crystal, watery, etc.?); does not describe baggie (clear, size, color, style, weight, etc.?); does not describe cigarette pack (box, soft pack, regular, menthol, lights, etc.?); does not describe center console or where in center console (on top of or beneath other item? if so what other items?); does not describe whether cigarette pack containing baggie was concealed or why Gover was unable to find baggie during his search of CLARK's Dodge.

The baggie of methamphetamine was not found in plain sight, and it was not discovered in passenger area of vehicle where DARNELL was a passenger, rather, it was found concealed in the console in proximity to driver, CLARK.

No Police officer ever witnessed DARNELL possess any drugs. A search of DARNELL's person revealed no drugs, no paraphernalia used for ingesting drugs, no evidence of prior drug use such as burns or needle marks and no drug money was found on DARNELL's person. Nothing resulting from the search of CLARK's Dodge can be linked to DARNELL, who was only a passenger in CLARK's Dodge.

If it took several police officers to conduct several consecutive searches of CLARK's vehicle to discover one small baggie in proximity to the driver (CLARK), it cannot be assumed that DARNELL had any awareness of the small baggie found in CLARK's Dodge. DARNELL was only a passenger, and as such, knowledge cannot be inferred to DARNELL. DARNELL moves for dismissal based on illegal search.

d. Drugs, Possession thereof

No lab has found actual methamphetamine (field test found "characteristics") and no weight has been measured on any certified scales of alleged drugs with or without baggie. According to Police, CHANCE CLARK is the driver and owner of the Dodge that the methamphetamine was found in. Under the law, Clark is the legal possessor of his vehicle and all of its contents, and it cannot be inferred that a passenger, such as DARNELL, has possession of drugs found concealed in CLARK's vehicle where nothing links DARNELL to those drugs.

DARNELL was a passenger only. Nothing that could be associated with drugs or drug use was found on his person. There is not any link between DARNELL and the small baggie of methamphetamine allegedly found in CLARK's Dodge.

Only CLARK, the driver, owner, and "possessor" of vehicle is described as trembling, nervous, and fumbling. DARNELL was calm, not-worried, sober, and had full function of all of his mental faculties. Police do not state otherwise. DARNELL is a passenger only, whom the law recognizes as not being in possession of contraband contained in other persons' vehicles. No paraphernalia used for using/ingesting drugs was found. There is no connection between DARNELL and drugs, CI or otherwise, that exist linking DARNELL to methamphetamine allegedly found in CLARK's Dodge.

DARNELL is prepared to present evidence that at the time of his arrest, he voluntarily submitted a urine sample to Police for drug analysis. The results of that analysis were negative, conclusive evidence that DARNELL had not been using any drugs prior to his arrest.

The court will also hear that CLARK, the driver, owner and possessor of the Dodge was found to have methamphetamine in his system at the time of DARNELL's and CLARK's arrest.

A-18

There exist absolutely no connection to any drugs, nor any drug use, by DARNELL, that could be used to support probable cause for his arrest, drug possession charges, and continued detention. DARNELL moves for dismissal of charges.

### e. Drug-Free Zone

The probable cause gives 2001 Austin Avenue as the physical location of Coggin Park and alleges that DARNELL was arrested within 1000 feet of that address. However, the probable cause does not give any physical location of where exactly DARNELL was arrested. It only states "on Ave J" somewhere by 1st Street. Without a physical street address of exactly where the arrest took place, Police deprive DARNELL of any specific measuring points for DARNELL to use to show that he was not within 1000 feet of Coggin Park. When the police allege that DARNELL is within 1000 feet of Coggin Park and do not cite the physical locations of point to point measurements, police forfeit that allegation because it deprives DARNELL of any ability to make his own measurements in Defense. DARNELL moves that the court dismiss the Drug-Free Zone enhancement.

### f. Probable Cause Not Proper in Form

Lastly, the probable cause for on-sight arrest is not proper as it is not notarized.

## IV. SUMMARY

Police rely upon a non-credible informant as a triggering event for probable cause, conduct an invalid vehicle stop on a vehicle not referenced by CI; then, several officers conduct consecutive searches, no specifics nor any descriptions are given, and drugs are allegedly found concealed in CLARK's Dodge; DARNELL is only a passenger who has no links whatsoever to the drugs found, nor any links to any drug use, and CLARK is found to have methamphetamine concealed in his Dodge and in his system at the time of arrest. The court should grant DARNELL and Examining Trial and/or dismiss the charges against him.

## V. PRAYER

WHEREFORE PREMISES CONSIDERED, DARNELL prays that the Honorable Court grant him and examining trial and/or dismiss the charges against him.

Respectfully submitted.

Stacy Allen Darnell

## VI. CERTIFICATE OF SERVICE

I, Stacy Darnell, declare that a true and correct copy of the foregoing has been served on States Attorney for Brown County, TX on this the 2__ day of October, 2013.

Stacy Allen Darnell

Page 6 of 6

A-19

Exhibit #1

# PROBABLE CAUSE FOR ON-SIGHT ARREST

**DEFENDANT NAME:** STACY ALLEN DARNELL **DOB:** 08-19-1972

**OFFENSE ARRESTED FOR:**

Poss of Sub PG 1 < 1 gram Drug Free Zone Felony 3 Degree

The above named Defendant was arrested for the offense listed above on the 9 Day of August, 2013, at 1:00 o'clock p.m.                    Probable

cause for this on-sight arrest is based on the following:               I,

Carlyle Gover, a Peace Officer for the State of Texas, Brown County, do

hereby state that:

On August 9, 2013 I investigator Gover received information from a confidential informant (C.I.) that CHANCE CLARK, STACY DARNELL, Virginia Phillips, and Krystal Hampton were staying at the Classic Inn Motel room # 143. The C.I. advised that the beforementioned subjects were using and distributing methamphetamine from the room. Deputies and I conducted surveillance on the motel. I observed two males and two females present in the motel room. The two males left the motel in a 2010 white Dodge Charger displaying [          ] temporary tag [          ] Sgt. Guthrie and I followed the Dodge Charger to several locations in Early & Brownwood. While on Ave J by 1st Street the driver of the Charger failed to signal, pulled over to the right of the road and stopped. I initiated my emergency lights and conducted a traffic stop. The sole passenger STACY DARNELL exited the vehicle with an unlight cigarette in his hand. I contacted the driver who was identified as CHANCE CLARK. CLARK also had an unlight cigarette in his hand. CLARK was nervous, his voice trembling and his hand was trembling as he fumbled for his license. I asked and CLARK gave consent to search his vehicle. Investigator Stroope arrived on scene and assisted with the search. Inv. Stroope found a plastic baggie containing methamphetamine. The plastic baggie was inbetween the cellophane and bottom exterior of a Marlboro cigarette pack. The cigarette was found in the center console. CLARK and DARNELL were arrested for possession of a substance in penalty group one less than one gram. A sample of the methamphetamine was tested via a presumptive methamphetamine field test. The sample showed a positive reaction for the characteristics for methamphetamine. The baggie and methamphetamine were later weighed via a digital scale and the total weight was .25 grams. The arrest location was within 1000 feet of Coggin Park which is located at 2001 Austin Ave. End of report.

All of above occurred in Brown County, Texas.

AGAINST THE PEACE AND DIGNITY OF THE STATE

_____
                                    AFFIANT

SWORN TO AND SUBSCRIBED BEFORE ME BY _Carlyle Gover_

CREDIBLE PERSON, ON THE _9_ DAY OF _August_, 20_13_

_____ #110
**PEACE OFFICER**

_____
**NOTARY PUBLIC, BROWN COUNTY, TEXAS**

A-20

Stacy Allen Darnell §  In the Court of appeals
       Appellant    §    eleventh District
                    §       of Texas
V.                  §
The State of Texas
       Appellee.

---

## Appellants new evidence entered into Continued Appeal

---

Comes now Stacy Allen Darnell Appellant, and provides to this court new evidence showing Wrongful conviction.

1. In Chapter 481 of the Health and Safety Code, which is the Controlled Substance Act, defines ephedrine as a percuror not a controlled Substance, which is a class C misdemeanor to posses in any amount above 300 grams. And Can be found is schedule 2 and 3 of the controlled Substance Act - to prove procurement you must move a full chemical analysis of trace amounts found unlawfully by public servent the right to examine and seperate Chemical or scientific analysis is proceeded by 4th 5th 6th and 14th Amendment of the Constitution.

2. Appellant maintains the substance found in trace amount isn't A controlled substance but ephedrine 61-16 which is defined in chapt 481 of the Health and Safety Code - Schedu 2 as a percursor not a controlled substance.

3. Appellant was wrongfully convicted on false pretence that the trace Amounts found unlawfully was that of charged with out a full chemical Analysis which stat

relied solely on field test substances to show false possitives.

4. Appellant was denied a inspection and seperation of scientific evidence, schedule 2 declares full definition of the substance removed is a Class C misdemeanor not a controlled Substance as charged.

Tell your lawyer to enclued this because all Meth and Crank is made of ephedrine not "P2P" so the trace amounts isn't nothing especially to convict you on...

Stacy Darnell #1964522
Allred Unit
2101 FM 369 N
Iowa Park, TX 76367

Clerk of the Court of Criminal Appeals
Supreme Court Bldg
201 W. 14th St. Rm 106
P.O. Box 12308
Austin, TX 78711-2308

UNITED STATES
POSTAL SERVICE

1000

78711

U.S. POSTAGE
PAID
BROWNWOOD, TX
7680
MAY 05 '15
AMOUNT

$2.24
00081240-17